IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


WILLIE J. WALKER, III                                                                    PLAINTIFF

v.                                              Civil No. 6:24-cv-06048-SOH-MEF

DR. GUY HENRY (Wellpath LLC) and
WELLPATH LLC                                                                             DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute

this case.  Also before the Court is Defendants' Motion for Summary Judgment on the Issue of

Exhaustion.  (ECF No. 12).

## I.       BACKGROUND

Plaintiff filed his Complaint on April 8, 2024.  (ECF No. 1).  On April 9, 2024, the Court

entered an Order directing Plaintiff to submit an Amended Complaint, which he did on April 17,

2024.  (ECF Nos. 6, 7).

Defendants filed their Motion for Summary Judgment on the Issue of Exhaustion on April

23, 2024.  (ECF No. 12).  On April 29, 2024, the Court entered an Order directing Plaintiff to

submit his Summary Judgment Response by May 20, 2024.  (ECF No. 15).  When Plaintiff failed

to do so, the Court entered a Show Cause Order, directing Plaintiff to show cause for his failure to

submit a summary judgment response by June 20, 2024.  (ECF No. 17).  Neither of these Orders

was returned as undeliverable.

To date, Plaintiff has filed to file either a Summary Judgment Response or a Show Cause Response.  He has not communicated with the Court since filing a Notice of Address change on April 19, 2024.  (ECF No. 8).

## II.        LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.        ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.      CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 7) be DISMISSED WITHOUT PREJUDICE.  It is further recommended that Defendants' Motion for Summary Judgment on the Issue of Exhaustion be DISMISSED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Referral Status: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

DATED this 10th day of July 2024.

/s/  *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE